OPINION
{¶ 1} Defendant, Phillip G. Shackleford, appeals from an order denying his R.C. 2953.01 petition for post-conviction relief.
 {¶ 2} Shackleford was convicted of two counts of rape on March 31, 2000. He appealed his conviction to this court, and filed a copy of the transcript of his trial proceeding with this court on September 18, 2000. We subsequently affirmed his convictions.
 {¶ 3} On May 5, 2003, two years and nine months after he had filed the trial transcript in the appeal of his conviction, Shackleford filed a petition for post-conviction relief. As and for grounds for that relief, Shackleford alleged that his convictions were the product of the victim's perjured testimony at trial. Shackleford also alleged that he was prevented from filing his petition timely because his attorney had not provided him a personal copy of the trial transcript in which the perjury is portrayed.
 {¶ 4} The trial court dismissed the petition as untimely filed. Shackleford filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "[The] trial court error[ed] in denying the appellant[`s] post-[conviction relief] petition pursuant to R.C.2953.23(A) where appellant faile[d] to show that he was unavoidably prevented from discovering facts he relied on in his petition."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "[The] trial court error[ed] [in] denying the appellant[`s] post-[conviction] petition pursuant to [R.C.]2953.23(A) where appellant failed to show but for constitutional error at trial no reasonable finder of fact would have found him guilty of two counts of rape."
 {¶ 7} A petition for post-conviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Failure to file within 180 days does not disqualify the petition as untimely if the petitioner shows that he was unavoidably prevented from discovering the facts upon which his grounds for relief are based, and that no reasonable finder of fact would have found him guilty but for the error those grounds involve. R.C. 2953.23(A).
 {¶ 8} Shackleford does not deny that he failed to file within the 180-day window that R.C. 2953.218(A) imposes. He argues that he was unavoidably prevented from discovering the facts on which his petition relies within that time because his attorney didn't provide him a copy of the trial transcript until after the time had expired.
 {¶ 9} Shackleford's grounds for relief are that the victim gave perjured testimony at trial. Shackleford was there, and being there he is presumed to have learned of the testimony when he heard it. He was not unavoidably prevented from discovering the alleged perjury because his attorney didn't provide him a copy of the trial transcript until later.
 {¶ 10} Shackleford has failed to demonstrate the first of the two prongs of the R.C. 2953.21(A) exception for a petition which is filed late. As he has failed to do that, we need not consider his contentions regarding the second prong that are set out in his second assignment of error, which is therefore moot. App.R. 12(A)(1)(c).
 {¶ 11} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.