DECISION
{¶ 1} Defendant-appellant, Gerald L. Raines, has filed an application for reconsideration, pursuant to App.R. 26, requesting that this court reconsider its opinion issued May 13, 2004. For the following reasons, we deny that application.
 {¶ 2} When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. State v. Rowe (Feb. 10, 1994), Franklin App. No. 93AP-1763; Columbus v. Hodge (1987),37 Ohio App.3d 68, 69. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached." Juhasz v. Costanzo
(Feb. 7, 2002), Mahoning App. No. 99-CA-294.
 {¶ 3} In our May 13, 2004 opinion, we affirmed the trial court's dismissal of appellant's petition for post-conviction relief because his petition was not timely filed. We found that appellant did not satisfy either of the exceptions found in former R.C. 2953.23(A) that would allow the trial court to consider his untimely petition. Appellant now contends that this court erred in its decision because he was unavoidably prevented from discovering the facts upon which he relied on to present his claims. See id. at (A)(1).
 {¶ 4} Even assuming that appellant could demonstrate that he was unavoidably prevented from discovering the facts upon which he relied on to present his claims, he still cannot satisfy the requirement of former R.C. 2953.23(A)(2) that but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. Appellant was convicted pursuant to his guilty plea and not by a trial. State v. Halliwell (1999),134 Ohio App.3d 730, 735; State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463.
 {¶ 5} Because appellant was convicted, pursuant to his guilty plea, he cannot establish the applicability of either exception found in former R.C. 2953.23(A). Accordingly, the trial court lacked jurisdiction to entertain appellant's petition and did not err in dismissing the petition. Appellant's application for reconsideration is denied.
Application denied.
Brown and Watson, JJ., concur.