OPINION
{¶ 1} Defendant-appellant, Vance A. Easley appeals from the March 9, 2004 judgment of the Franklin County Court of Common Pleas dismissing his January 13, 2004 petition for post-conviction relief. For the following reasons, we affirm that judgment.
 {¶ 2} On December 6, 2000, a jury found appellant guilty of one count of murder with a weapon specification. Also on December 6, 2000, the trial court found appellant guilty of having a weapon while under disability, an additional charge for which appellant had waived his right to trial by jury. The specific facts giving rise to appellant's convictions were set out in detail by this court in State v. Easley
(Dec. 11, 2001), 10th Dist. No. 01AP-31, appeal not accepted,95 Ohio St.3d 1460, 2002-Ohio-2230, 767 N.E.2d 1178, wherein we affirmed appellant's convictions.
 {¶ 3} On January 13, 2004, appellant filed his petition for post-conviction relief. The stated bases for the petition were (1) that appellant's trial counsel had been ineffective for failing to make part of the record at trial a transcript of the tape-recorded interview of the decedent's girlfriend conducted by police following the shooting, and (2) that the state withheld the interview tape, which appellant characterizes as exculpatory evidence, in violation of the Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. According to the petition, appellant's trial counsel first received the tape during the witness' trial testimony, had his office staff transcribe the tape, and stated an intention to make the transcript a part of the record, but ultimately failed to do so.
 {¶ 4} Attached to the petition were (1) a copy of this court's opinion in State v. Easley, supra; (2) a page from the trial transcript; and (3) appellant's affidavit of indigency. In order to justify the untimeliness of his petition, appellant stated that he "had to rely on the federal courts to secure and authenticate an exculpatory statement before he could present his claims" and that his petition was not time-barred because "the statement Easley must rely upon was not available and authenticated any earlier than now." (Jan. 13, 2004 Petition for Post-Conviction Relief, at 3.)
 {¶ 5} In response, the state argued that the petition was time-barred, appellant's claims were barred by the doctrine of res judicata, and appellant had not established his substantive claim of ineffective assistance of counsel.
 {¶ 6} The trial court dismissed appellant's petition on the ground that the same had been untimely filed, and could not nevertheless be considered because appellant had failed to meet either prong of R.C. 2953.23(A)(1). On appeal, appellant asserts the following assignments of error, which we shall treat as such though appellant denominates them in his brief as "propositions of law":
Proposition of Law #1: Whether the evidence appellant relied upon to bring delayed post-conviction motion in trial court was discoverable prior to the 180 day limitation of the post conviction statute Ohio Revised Code 2953.23(1)(a)?
The appellant says, "No".
Proposition of Law #2: Did the State, at trial, withhold material exculpatory to appellant, in violation of appellant's due process rights?
The appellant states, "Yes".
Proposition of Law #3: Did trial counsel provide effective assistance at trial?
The appellant states, "No".
 {¶ 7} Section 2953.21 of the Ohio Revised Code makes available post-conviction relief to persons subject of judgments of conviction or delinquency. It provides, in pertinent part:
Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1) and (2).
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), appellant was required to file his motion for post-conviction relief within 180 days of the date upon which the trial transcript was filed with this court in the case of Statev. Easley, supra. The record reflects that the trial court correctly found that appellant's motion was filed long after the expiration of that 180-day period. A trial court's decision that a motion for post-conviction relief is untimely renders unnecessary any further inquiry into its merits. State v. Beaver (1998), 131 Ohio App.3d 458, 464,722 N.E.2d 1046; State ex rel. Kimbrough v. Greene, 98 Ohio St.3d 116,2002-Ohio-7042, 781 N.E.2d 155.
 {¶ 9} However, section 2953.23(A) of the Ohio Revised Code provides that the trial court may nonetheless consider an untimely motion for postconviction relief if two enumerated circumstances apply. Specifically, that statute states:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} If a petition for post-conviction relief is untimely filed, a trial court has jurisdiction to entertain the petition only if the limited conditions of R.C. 2953.23(A) are satisfied. State v. Ayala
(Nov. 10, 1998), 10th Dist. No. 98AP-349; State v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70.
 {¶ 11} We begin by discussing appellant's first assignment of error, in which appellant challenges the trial court's finding that his petition failed to demonstrate that he was unavoidably prevented from discovery of the facts upon which he based his claim of ineffective assistance of trial counsel. A review of appellant's petition for post-conviction relief reveals that appellant's counsel had possession of the witness interview tape and of a transcript of it prior to the conclusion of appellant's trial. In this case, appellant has failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the substance of the taped interview that counsel failed to incorporate into the record at trial. Thus, appellant does not satisfy the condition in R.C. 2953.23(A)(1)(a) that he was "unavoidably prevented" from timely discovering facts in support of his claim of ineffective assistance of counsel. Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} In his second and third assignments of error, he challenges the trial court's conclusion that he failed to demonstrate by clear and convincing evidence that, but for constitutional errors at trial, no reasonable factfinder would have found him guilty of murder. He alleges violation of his rights to due process and to effective assistance of counsel.
 {¶ 13} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); State v. Campbell, 10th Dist. No. 03AP-147,2003-Ohio-6305, at ¶ 15. A trial court has a statutorily imposed duty to ensure a petitioner presents evidence sufficient to warrant a hearing. Ibid. The evidence must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Ibid., quoting R.C. 2953.21(A)(1) and State v. Calhoun (1999),86 Ohio St.3d 279, 282-283, 714 N.E.2d 905. Pursuant to R.C. 2953.21(C), a petition for post-conviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, supra, at paragraph two of the syllabus.
 {¶ 14} We agree with the trial court that appellant failed to meet his initial burden of providing with his petition evidence demonstrating a cognizable claim of constitutional error. Thus, appellant has failed to satisfy the condition in R.C. 2953.23(A)(1)(b) that he would not have been convicted of murder but for constitutional error at trial. Accordingly, appellant's second and third assignments of errors are overruled.
 {¶ 15} Having overruled all three of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus, P.J., and Brown, J., concur.