OPINION
{¶ 1} Defendant-appellant, Robert Biddings ("appellant"), appeals pro se from the October 29, 2004 judgment of the Franklin County Court of Common Pleas denying his July 20, 2004 petition for post-conviction relief.
 {¶ 2} On May 26, 1989, a jury found appellant guilty of multiple counts of rape, kidnapping and armed robbery. The facts giving rise to appellant's convictions are included in our opinion ruling upon appellant's first appeal. State v. Biddings (Dec. 6, 1990), Franklin App. No. 89AP-822.
 {¶ 3} On July 20, 2004, appellant filed his petition for post-conviction relief pursuant to R.C. 2953.21. Appellant's stated grounds for relief included: (1) Miranda Warnings Not Given Prior to or During Police Questioning; (2) Malicious Prosecution; (3) Juror Misconduct; (4) Discrimination; (5) Ineffective Assistance of Counsel; and (6) Unavoidably Prevented From Discovery for (16) Years to Present His Claims For Post-Conviction Relief, Ohio Revised Code 2953.23(A)(1). Attached to the petition were appellant's sworn affidavits in support of his claims. Appellant attempted to justify the untimeliness of his petition by stating that he was "unavoidably prevented from discovering the facts upon which he relies in his petition because no one would honor petitioner's request for any information or documentation concerning his arrest, indictment or conviction * * *." Appellant further asserted, "[e]vidence supporting this claim is not attached because petitioner needs the assistance of an "attorney," investigator, psychologist, and/or the expert assistance to produce the evidence." (July 20, 2004 Petition for Post-Conviction Relief, at 6.)
 {¶ 4} The trial court dismissed appellant's petition finding that the same was untimely filed, and nonetheless could not be considered because he failed to meet the statutory exceptions found in R.C. 2953.23. Further, the court found appellant's claims were barred by the doctrine of res judicata.
 {¶ 5} Appellant asserts the following six assignments of error for our review:[1]
 ASSIGNMENT OF ERROR NO (1), Miranda Warnings were not given prior or during police questioning
ASSIGNMENT OF ERROR No. (2), Malicious Prosecution
ASSIGNMENT OF ERROR No. (3), Juror Misconduct And prejudice
ASSIGNMENT OF ERROR No. (4), Discrimination in Petited [sic] Jury
ASSIGNMENT OF ERROR No. (5), Ineffective Assistance of trial counsel, plus conflict of interest
ASSIGNMENT OF ERROR No. (6), Unavoidably Prevented from discovery for 16 years to present his claims for post-conviction relief.
 {¶ 6} Appellant acknowledges his petition was untimely filed. Thus, we must first consider whether the trial court had jurisdiction to consider appellant's post-conviction petition.
 {¶ 7} Because appellant was sentenced prior to September 21, 1995, he must file a petition for post-conviction relief within 180 days of the date upon which the trial transcript was filed with this court in the case of State v. Biddings, supra, or within one year of September 21, 1995, whichever is later. See State v. Burke, Franklin App. No. 02AP-677, 2002-Ohio-6840, at ¶ 9; R.C. 2953.21(A)(2). The record reflects that the transcript in appellant's appeal was filed on December 18, 1989, and that his time for filing a petition for post-conviction relief would have expired on June 17, 1990. Accordingly, he had until the later date of September 21, 1996, to file his petition for post-conviction relief. Appellant did not file his petition until September 16, 2003. Therefore, we find appellant's petition was untimely.
 {¶ 8} Consequently, the trial court lacks jurisdiction to determine the issues raised in appellant's petition unless one of the exceptions to the time requirement within R.C. 2953.23(A) applied. State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465. R.C. 2953.23(A) provides:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81
of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence to death.
As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.
 {¶ 9} Although he concedes his petition was untimely filed, appellant argues in his sixth assignment of error that the court had jurisdiction to consider his petition. Relying on R.C. 2953.23(A)(1)(a), appellant asserts he was unavoidably prevented from discovery of the facts upon which he must rely to present all of his claims for post-conviction relief. Appellant contends the prosecutor's office and the police would not provide him with any information or documentation pertaining to his criminal convictions.
 {¶ 10} The State argues contra that the statutory requirements contained in R.C. 2953.23(A) do not apply to the instant matter. With regard to R.C. 2953.23(A)(1)(a), the State contends appellant fails to indicate what evidence he was "unavoidably prevented" from obtaining, and what information exists that he does not have access to in support of his claims. We agree, and therefore find appellant failed to satisfy the condition in R.C. 2953.23(A)(1)(a) that he was "unavoidably prevented" from timely discovering facts in support of his claims. Accordingly, appellant's sixth assignment of error is overruled.
 {¶ 11} With regard to R.C. 2953.23(A)(1)(b), we find that appellant has failed to allege, much less establish, that this exception applies to the instant matter.[2] Even assuming that appellant could demonstrate that but for the constitutional errors at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted, he still cannot satisfy the requirement of 2953.23(A)(1)(a) that he was unavoidably prevented from discovering the facts upon which he relied on to present his claims. Finally, appellant has failed to allege, and we do not find, that R.C. 2953.23(A)(2) applies to the present case.
 {¶ 12} Accordingly, appellant's sixth assignment of error is overruled. Because none of the requirements of R.C. 2953.23 are applicable, we find the Franklin County Court of Common Pleas lacked jurisdiction to entertain appellant's petition for post-conviction relief. Therefore, we need not address the merits of appellant's remaining assignments of error and sua sponte dismiss this appeal. Statev. Stanishia, Franklin App. No. 03AP-476, 2003-Ohio-6836; State v. Hanks
(June 25, 1998), Franklin App. No. 98AP-70.
Appeal dismissed.
Bryant and Petree, JJ., concur.
[1] Appellant failed to assign as error the trial court's decision to deny his post-conviction petition. See (16)(A)(3). However, we interpret appellant's assignments of error to collectively challenge the court's denial of his post-conviction petition.
[2] We have previously found that "self serving affidavits submitted by appellant are not `sufficient to trigger a [post-conviction] hearing.'"State v. Mayrides, Franklin App. No. 03AP-347, 2004-Ohio-1623, citingState v. Steffen (May 11, 1994), Hamilton App. No. C-930351; State v.Clark (Dec. 11, 2001), Franklin App. No. 01AP-670, 2001-Ohio-3973 ("appellant's self-serving affidavit is insufficient to allow post-conviction relief.")