OPINION
{¶ 1} Defendant-appellant, Mark R. Russell, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. Because his petition was untimely, we affirm that judgment.
 {¶ 2} On June 20, 2003, the trial court sentenced appellant to an 18-year prison term after a jury found him guilty of one count of murder in violation of R.C. 2903.02 and a firearm specification. On July 1, 2003, appellant filed a notice of appeal to this court from his judgment of conviction and sentence. The trial transcript was filed with this court on August 11, 2003. This court affirmed appellant's convictions.State v. Russell, Franklin App. No. 03AP-666, 2004-Ohio-2501.
 {¶ 3} On November 2, 2004, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. His petition stated the following grounds for relief: (1) prosecutorial misconduct; (2) trial counsel coercion; (3) ineffective assistance of trial counsel; and (4) improper admission of evidence. The trial court denied appellant's petition without a hearing.
 {¶ 4} Appellant appeals, assigning the following errors:
1. The trial court erred when it failed to hold an evidentiary hearing, and denied post-conviction petition based on the doctrine of res judicata.
2. The trial court denied defendant due process of law, when it ruled that the petition for post-conviction relief was untimely.
 {¶ 5} The trial court denied appellant's petition for post-conviction relief because, among other reasons, it was untimely filed. Appellant contends in his second assignment of error that the trial court erred when it determined that his petition was untimely. We disagree. R.C. 2953.21 sets forth the requirements for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides:
* * * [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 6} Pursuant to this statute, appellant had to file his post-conviction petition no later than 180 days after August 11, 2003, the date which the trial transcript was filed in his direct appeal to this court. That date was on or around February 7, 2004. Appellant did not file his petition until November 2, 2004. Therefore, appellant's petition was untimely.
 {¶ 7} A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Lee (June 8, 2000), Franklin App. No. 99AP-668; State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524, at ¶ 5. Those exceptions allow a trial court to consider untimely petitions for post-conviction relief in limited situations. In this case, appellant claims the trial court should have considered his untimely petition because he was unavoidably prevented from discovering the facts upon which he relies to present his claims for relief. See R.C. 2953.23(A)(1)(a). For this exception to apply, appellant must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. R.C.2953.23(A)(1)(b).
 {¶ 8} Appellant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the facts underlying his claims. State v. Easley, Franklin App. No. 04AP-290, 2004-Ohio-7200, at ¶ 11. Appellant did not present any evidence to the trial court to explain why he was unavoidably prevented from discovering the relevant facts underlying his petition. Although appellant now claims that he was unavoidably prevented from discovering the relevant facts because his trial counsel did not timely provide him with a trial transcript, he did not make this argument to the trial court and has waived the argument in this appeal. See State ex rel. Quarto Mining Co. v.Foreman (1997), 79 Ohio St.3d 78, 81 (arguments that parties raise for the first time on appeal will not be considered by an appellate court).
 {¶ 9} Even if we considered appellant's argument, the claims in his petition were all based on facts and circumstances that occurred during his trial. Appellant was present at his trial and had knowledge of all these facts and circumstances as they happened. Therefore, appellant was not unavoidably prevented from discovering those facts and circumstances merely because his attorney did not provide him with a transcript. State v.Shackleford, Montgomery App. No. 19965, 2004-Ohio-2431, at ¶ 9. Additionally, appellant does not even allege that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. See R.C. 2953.23(A)(1)(b).
 {¶ 10} Appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition. Thus, the trial court lacked jurisdiction to entertain appellant's petition. Raines, supra. Accordingly, the trial court did not err in denying appellant's petition, although technically, the petition should have been dismissed for lack of jurisdiction. State v. Hamilton, Franklin App. No. 03AP-852,2004-Ohio-2573, at ¶ 9. Further, because the trial court lacked jurisdiction to consider appellant's untimely petition, it was not required to hold an evidentiary hearing. State v. Burke,
Franklin App. No. 02AP-677, 2002-Ohio-6840, at ¶ 19; State v.Bryant, Mahoning App. No. 04-MA-109, 2005-Ohio-5054, at ¶ 22.
 {¶ 11} Appellant's second assignment of error is overruled. Our disposition of the jurisdictional issue renders moot appellant's first assignment of error, which address the merits of his petition. Raines, supra, at ¶ 7.
 {¶ 12} In conclusion, we overrule appellant's second assignment of error. Our disposition of that assignment of error renders his first assignment of error moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.