OPINION
{¶ 1} Defendant-appellant, Clive N. Melhado ("appellant"), appeals from the March 2, 2005 judgment of the Franklin County Court of Common Pleas dismissing his January 18, 2005 petition for post-conviction relief.
 {¶ 2} On June 21, 2001, appellant was indicted on two counts of aggravated murder, with specification, in violation of R.C.2903.01, and one count of aggravated robbery, in violation of R.C. 2911.01. A firearm specification was also included on each count. On March 20, 2002, a Franklin County Court of Common Pleas jury found appellant guilty on the first count for aggravated murder, of the lesser included offense of murder in violation of R.C. 2903.02; guilty on the second count of aggravated murder, with specification, in violation of R.C. 2903.01; and guilty of the third count for aggravated robbery in violation of R.C.2911.01. Appellant was also found guilty on each count of the accompanying firearm specifications. On March 28, 2002, the trial court merged the murder conviction with the conviction for aggravated murder count and sentenced appellant to a term of life imprisonment without possibility of parole based on the aggravated murder conviction. The trial court imposed a concurrent eight-year sentence on the aggravated robbery conviction. Additionally, the trial court imposed a total of three years of incarceration on the firearm specifications.
 {¶ 3} The specific facts giving rise to appellant's convictions were set forth by this court in his direct appeal inState v. Melhado, 10th Dist. No. 02AP-458, 2003-Ohio-4763, wherein we affirmed his conviction. The Supreme Court of Ohio declined a discretionary appeal in State v. Melhado,100 Ohio St.3d 1547, 2003-Ohio-6879, 800 N.E.2d 752.
 {¶ 4} On January 18, 2005, appellant filed a petition for post-conviction relief. Therein, appellant stated the bases for his petition: (1) that his constitutional right to a speedy trial was denied, (2) that his constitutional right to self-representation was denied in violation of Faretta v.California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, and (3) that double jeopardy barred his conviction for aggravated murder in violation of R.C. 2903.01 when the jury acquitted him on the first count for aggravated murder in violation of R.C.2903.02 and instead found him guilty of the lesser-included offense of murder in violation of R.C. 2903.01.
 {¶ 5} In support of his petition, appellant attached: (1) letters to the Franklin County Clerk of Court requesting copies of documents in his case file; (2) an affidavit of appellant stating why appellant was unable to timely file the petition; (3) an affidavit of Cornell W. Childress, an inmate at the Warren Correctional Institution, stating that he assisted appellant in preparing the petition and was told by appellant that the trial judge did not permit appellant to proceed in the trial pro se; (4) an entry of the Supreme Court of Ohio declining jurisdiction to hear appellant's direct appeal; (5) a copy of the portion of the transcript pertaining to a pre-trial motion hearing regarding oral argument of appellant's trial counsel on a motion to dismiss part of the aggravated murder charge; (6) a pleading of appellant captioned as "Notice of Pro Se Counsel" stating that appellant did not wish to waive his speedy trial rights and wanted to represent himself pro se at trial; (7) a copy of a page of the transcript at a suppression hearing in which appellant attempted to address the trial court, (8) two entries continuing the case and tolling the speedy trial time; (9) miscellaneous docketing statements and instructions to the sheriff; (10) the indictment, (11) the verdict forms of the jury; (12) the judgment entry on appellant's sentence; and (13) an inventory conducted by the police of evidence found on appellant's person at the time of arrest.
 {¶ 6} In response to the petition for post-conviction relief, the State of Ohio ("appellee") asserted to the trial court that appellant's petition was time-barred, and that appellant did not meet any of the exceptions regarding the untimely filing of a petition. Additionally, appellee argued that the issues regarding speedy trial, self-representation, and double jeopardy were barred by res judicata.
 {¶ 7} The trial court found that appellant's petition was untimely and that appellant could not satisfy any exception for untimely filing. The trial court additionally found that res judicata barred appellant's petition because the claims either were raised or should have been raised on direct appeal. The trial court denied appellant's request for an evidentiary hearing because the trial court found that the evidentiary documentation lacked credibility, and dismissed the petition.
 {¶ 8} Appellant set forth three assignments of error for our review:
Number One: The petitioner-appellant was denied due process of law by the failure of the Trial Court Judge to recuse himself from adjudicating the petitioner's Petition to Vacate or Set Aside Sentence when said Judge was involved in the Constitutional violation claims stated in said Petition, being "plain error", Ohio Criminal Rule 52(B), and Federal Criminal Rule 52(b), and an abuse of discretion.
Number Two: The petitioner-appellant was denied due process of law by the Trial Court's finding that his Petition to Vacate or Set Aside Sentence was untimely filed and the issues were barred by the doctrine of "res judicata".
Number Three: The petitioner-appellant was denied due process of law by the Trial Court's ruling that the Constitutional claims raised in his Petition to Vacate or Set Aside Sentence have no merit.
 {¶ 9} In the first assignment of error, appellant asserts that he was denied due process when the trial judge failed to recuse himself from adjudicating his petition for post-conviction relief. Essentially, appellant asserts that the trial judge should have rescued himself because the trial judge presided over appellant's trial and allegedly participated in the violation of appellant's constitutional rights. Appellant asserts that the trial judge was involved in the violation of his constitutional rights by denying appellant his speedy trial rights, denying appellant the ability to represent himself, and violating his jeopardy rights. According to appellant, therefore, the trial judge should not have ruled upon appellant's petition for post-conviction relief.
 {¶ 10} In response, appellee asserts that this court is without jurisdiction to consider errors on issues of recusal. Additionally, appellee asserts that appellant waived the issue because he had the opportunity to raise the issue of recusal at the trial level. Appellee also asserts that appellant's first assignment of error fails on its merits, because a trial judge who presided over a trial is not automatically disqualified from considering a post-conviction petition.
 {¶ 11} The Ohio Constitution vests the sole authority for determining the disqualification of a judge of a court of common pleas in the chief justice of the Supreme Court of Ohio. Section5(C), Article IV, Ohio Constitution; State v. Hughbanks,
1st Dist. No. C-010372, 2003-Ohio-187, at ¶ 7-8, citing Beerv. Griffith (1978), 54 Ohio St.2d 440, 8 O.O.3d 438,377 N.E.2d 775. Thus, if a party believes that a judge of a court of common pleas should be disqualified from considering a matter, the party must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio pursuant to R.C. 2701.03. Consequently, a court of appeals is without authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. State v. Ramos (1993), 88 Ohio App.3d 394,398, 623 N.E.2d 1336, citing Beer, supra, at 441-442;Hughbanks, supra, at ¶ 8.
 {¶ 12} Because we lack authority to address this issue, appellant's first assignment of error is overruled.
 {¶ 13} In the second assignment of error, appellant asserts that the trial court erred in finding that his petition was time-barred and precluded by res judicata. With respect to the first part of appellant's second assignment of error — that the trial court's finding that the petition was timed-barred — appellant specifically asserts that he was not able to timely file his petition because he lacked documents related to his case. Appellant asserts that he was first represented on his direct appeal by appointed counsel, and that the court record and transcript were transmitted to his appointed counsel. Appellant then asserts that he retained private counsel to pursue his direct appeal to both this court and the Supreme Court of Ohio. According to appellant, his second appellate counsel requested the record and transcript from his former appointed counsel, but that his second appellate counsel never received the documentation. Appellant states that he requested the record and transcript from his second appellate counsel, but since his second appellate counsel had not obtained the documentation, he had to personally request the documents from the Franklin County Clerk of Courts. Appellant asserts that he had to wait until he was no longer represented by his second appellate counsel before he could file his petition.
 {¶ 14} In response, appellee asserts that appellant did not demonstrate why he was unavoidably prevented from the discovery of facts. According to appellee, all of the facts that appellant asserted were factual matters in which appellant was personally familiar. Appellee asserts that appellant was aware of all of the circumstances regarding his claims for speedy trial, self-representation, and double jeopardy. Consequently, appellee asserts that appellant cannot satisfy his burden in R.C.2953.23(A)(1)(a) by demonstrating that he was unavoidably prevented from the discovery of the facts.
 {¶ 15} Post-conviction relief is available to individuals subject to judgments of conviction or delinquency pursuant to R.C. 2953.21. The statute states in relevant part:
(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eight days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(1)(a) and (2).
 {¶ 16} In accordance with R.C. 2953.21(A)(2), appellant was required to file his petition for post-conviction relief within 180 days from the filing of the trial transcript in this court. The record reflects that the trial transcript was filed in this court on September 9, 2002. Because appellant filed his post-conviction petition on February 25, 2005, which was well beyond 180 days, the trial court correctly found that the petition was untimely filed.
 {¶ 17} When a trial court determines that a post-conviction petition has been untimely filed, the trial court is not obligated to inquire further into the merits of the petition.State v. Easley, 10th Dist. No. 04AP-290, 2004-Ohio-7200, at ¶ 8; see, also, State v. Beaver (1998), 131 Ohio App.3d 458,464, 722 N.E.2d 1046. Nevertheless, a trial court may consider a petition for post-conviction relief notwithstanding the fact that the petition was untimely filed if two conditions apply pursuant to R.C. 2953.23. It states in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
R.C. 2953.23(A).
 {¶ 18} A trial court lacks jurisdiction to hear an untimely filed petition for post-conviction relief if the two conditions of R.C. 2953.23(A)(1) are not satisfied. Easley, supra, at ¶ 10, citing State v. Ayala (Nov. 10, 1998), 10th Dist. No. 98AP-349, State. v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70. We note that appellant made no allegation that the United States Supreme Court has announced any new state or federal right that would apply retroactively to him. Therefore, we need only address whether appellant demonstrated that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief. R.C. 2953.23(A)(1)(a).
 {¶ 19} Appellant essentially alleges that he was unavoidably prevented from discovering facts upon which he must rely on in his petition because he was unable to obtain the record and transcript from his second appellate attorney. The exception provided in R.C. 2953.23(A)(1)(a) for untimely filing may only be utilized if a petitioner is unavoidably prevented fromdiscovering facts upon which the petitioner must rely. However, all of the claims in appellant's petition are based on facts and circumstances that occurred, and were known to appellant, during or before trial. Appellant was aware of issues related to his rights regarding a speedy trial because he knew how long it took for his case to come to trial. Appellant also was aware of his claim to represent himself, as he had filed his "Notice of Pro Se Counsel" and witnessed the trial court apparently hold an off-the-record conversation in which the trial court declined to allow appellant to proceed pro se. R.C. 2953.23(A) contemplates the unavoidable discovery of new historical facts of the case, not new legal theories. State v. Hanks, 10th Dist. No. 98AP-70, citing State v. Czaplicki (May 29, 1998), 2nd
Dist. No. 16589. Additionally, appellant was aware of any alleged issues related to his claim regarding double jeopardy, because he knew he was acquitted on the first count for aggravated murder.
 {¶ 20} Appellant was present at his trial, and had knowledge of all of these facts and circumstances surrounding his claims as they happened during the course of his trial. Thus, appellant was not unavoidably prevented from discovering these facts merely because his second appellate attorney was unable to provide him with the record and transcript, which required appellant to obtain the documentation himself. State v. Russell, 10th
Dist. No. 05AP-391, 2006-Ohio-383, at ¶ 9, citing State v.Shackleford, 2nd Dist. No. 19965, 2004-Ohio-2431, at ¶ 9.
 {¶ 21} Moreover, even if the documentation contained facts unknown to appellant, appellant failed to demonstrate why he was unavoidably prevented from obtaining the documentation. As the correspondence to the Franklin County Clerk of Courts attached to the petition clearly indicates, appellant could have requested the documents at any time.
 {¶ 22} Appellant does not allege, much less demonstrate by clear and convincing evidence that, but for the asserted constitutional claims at trial, no reasonable factfinder would have found appellant guilty of the offenses for which he was convicted. R.C. 2953.23(A)(1)(b). Even assuming that appellant could demonstrate by clear and convincing evidence that no reasonable factfinder would have found appellant guilty of the offenses for which he was convicted, appellant still cannot satisfy R.C. 2953.23(A)(1)(a) as discussed above. State v.Biddings, 10th Dist. No. 04AP-1236, 2005-Ohio-3145, at ¶ 11.
 {¶ 23} We therefore determine that appellant failed to demonstrate that he was unavoidably prevented from the discovery of the facts upon which he must rely to present the claim for relief. R.C. 2953.23(A)(1). As noted above, appellant did not allege, and we do not find, that the United States Supreme Court has announced any new state or federal right that would apply retroactively to him. Id. As appellant cannot satisfy the exceptions in R.C. 2953.23(A), we therefore overrule appellant's second assignment of error to the extent that it challenges the trial court's finding that the petition was untimely.
 {¶ 24} Consequently, because appellant failed to demonstrate the applicability of an exception to consider his untimely petition, the trial court lacked jurisdiction to consider appellant's petition. Easley, supra, at ¶ 10. Furthermore, because the trial court lacked jurisdiction to consider appellant's petition, the trial court was not required to hold an evidentiary hearing. Russell, supra, at ¶ 10, citing State v.Burke, 10th Dist. No. 02AP-677, 2002-Ohio-6840, at ¶ 19.
 {¶ 25} As our analysis of the applicability of R.C.2953.23(A) to appellant's petition is dispositive, we need not address whether the claims raised by appellant were barred by res judicata. See Russell, supra, at 12. Therefore, appellant's second assignment of error challenging the trial court's finding that appellant's claims were barred by res judicata is moot, and we decline to address it. Additionally, our disposition regarding the trial court's jurisdiction to consider appellant's untimely petition renders appellant's third assignment of error, which addresses the merits of appellant's petition, moot and, therefore, we decline to address it. Russell, supra, at ¶ 11, citing State v. Raines, 10th Dist. No. 03AP-1076,2004-Ohio-3558, at ¶ 7.
 {¶ 26} For the above-stated reasons, we overrule the first assignment of error, overrule in part the second assignment of error, render moot the remaining part of the second assignment of error, and render moot the third assignment of error. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Travis, JJ., concur.