OPINION
{¶ 1} Defendant-appellant, Gregory S. Backus, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C. 2953.23
petition for post-conviction relief. Because the trial court properly concluded appellant's petition was untimely, we affirm.
 {¶ 2} Appellant pled guilty to three counts of rape in May 2003. The trial court accepted appellant's guilty plea, found him guilty, and on May 8, 2003, sentenced him to consecutive five-year prison terms for each of those counts, for a total prison term of 15 years. Appellant did not appeal his convictions. On May 12, 2006, appellant filed in the trial court a petition for postconviction relief pursuant to R.C.2953.23. Appellant argued *Page 2 
that he was entitled to a new sentence under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348. The trial court denied appellant's petition as untimely and barred by res judicata.
 {¶ 3} Appellant appeals and assigns the following errors:
 [1.] Defendant was sentenced unconstitutionally when his sentence was enhanced by facts found by a Judge by a preponderance of evidence, and should have been granted Postconviction relief.
 [2.] The denial of Defendant's Constitutional rights under the Sixth and Fourteenth Amendments represents "plain error" and should be recognized by the Court as such.
 {¶ 4} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Postconviction relief is not a constitutional right, but rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999), 86 Ohio St.3d 279,281. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32.
 {¶ 5} R.C. 2953.21(A)(2) establishes the time limitations for filing a petition for postconviction relief. It provides, in relevant part, that except as provided in R.C. 2953.23, if no appeal is taken, the petition must be filed "no later than 180 days after the expiration of the time for filing the appeal." Appellant filed his petition more than 180 days after the expiration of the time for filing his appeal. A trial court lacks jurisdiction to *Page 3 
entertain an untimely petition for postconviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383, at ¶ 7. Therefore, appellant's petition is time-barred unless appellant's petition meets an exception contained in R.C. 2953.23(A).
 {¶ 6} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless, as relevant here, appellant demonstrates that: (1) subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) but for the constitutional error at the sentencing hearing, no reasonable fact finder would have found appellant eligible for the death sentence. In an attempt to invoke these provisions, appellant argues thatFoster, which is premised on the United States Supreme Court opinions inBlakely and Apprendi, creates a new federal or state right that applies retroactively to him. We disagree.
 {¶ 7} This court has concluded that Blakely, which is premised onApprendi, does not recognize a new federal or state right that applies retroactively. State v. Searcy, Franklin App. No. 06AP-572,2006-Ohio-6993, citing State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998, at ¶ 36-37; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, at ¶ 11. Other courts agree. See State v. Rawlins, Scioto App. No. 05CA-3012, 2006-Ohio-1901, at ¶ 12; State v.Luther, Lorain App. No. 05CA008770, 2006-Ohio-2280, at ¶ 13.
 {¶ 8} Because Blakely does not recognize a new federal or state right that applies retroactively, Foster, which is premised onBlakely, similarly does not. State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15. Accordingly, appellant's petition is untimely, and the trial court lacked jurisdiction to consider it.State v. Bivens, Franklin *Page 4 
App. No. 05AP-1270, 2006-Ohio-4340, at ¶ 6 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely postconviction relief petition unless the petitioner complies with R.C. 2953.23[A][1]); see, also, State v. Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649, at ¶ 9.
 {¶ 9} Even if appellant could show that the United States Supreme Court has retroactively recognized a new federal or state right, R.C.2953.23(A)(1), by its express terms, precludes a common pleas court from entertaining an untimely postconviction challenge to a sentence brought by a non-capital petitioner. Searcy, at ¶ 8, citing State v.Connors, Hamilton App. No. C-040677, 2005-Ohio-2644, at ¶ 4. Appellant is a non-capital petitioner. Therefore, R.C. 2953.23(A)(1)(b) does not provide a vehicle to challenge his sentence when his petition is untimely. Id.
 {¶ 10} Appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition. Thus, the trial court did not err in denying appellant's petition for postconviction relief, although technically, the petition should have been dismissed for lack of jurisdiction. Russell, at ¶ 10. Our disposition of the jurisdictional issue renders moot appellant's assignments of error, which address the merits of his petition. Id. at ¶ 11. The judgment of the Franklin County Court of Common Plea is affirmed.
Judgment affirmed.
 FRENCH and McGRATH, JJ., concur. *Page 1