OPINION
{¶ 1} Defendant-appellant, Wendall K. Hollingsworth, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C. 2953.21 petition for post-conviction relief without a hearing. Because appellant's petition was untimely, we affirm.
 {¶ 2} On September 14, 2007, a jury found appellant guilty of a number of offenses arising from a series of robberies. This court affirmed those convictions. State v. Hollingsworth, 10th Dist. No. 07AP-863,2008-Ohio-2424. *Page 2 
 {¶ 3} On June 11, 2008, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. His petition asserted claims that arose out of his original trial. On August 19, 2008, the trial court denied appellant's petition because, among other reasons, it was untimely.
 {¶ 4} Appellant appeals and assigns the following errors:
 [1. and 2.] The trial court erred by sentencing defendant-appellant upon count's 1,2,4,5,6 and 7 case no: AP-863, No 07AP-864 count's 1,2, and 3 of case no 07AP-865. When those count's alleged no means rea[.]
 [3.] The trial court sentenced appellant to a 93 year prison term which constituted cruel and unusual punishment in violation of the eigth amendment to the United States Constitution and Section 9, Article 1 of the Ohio Constitution.
(Sic passim).
 {¶ 5} We note that appellant's assignments of error do not address the timeliness of his petition, which is a jurisdictional issue. The state asserts that the trial court properly dismissed appellant's petition because it was untimely. We agree.
 {¶ 6} R.C. 2953.21 sets forth the requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:
 [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 7} Pursuant to this statute, appellant had to file his postconviction petition no later than 180 days after November 29, 2007, the date the trial transcript was filed in his *Page 3 
direct appeal of the judgment of conviction to this court. That date was on or around May 26, 2008. Appellant did not file his petition until June 17, 2008. Therefore, appellant's petition was untimely.
 {¶ 8} A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Backus, 10th Dist. No. 06AP-813, 2007-Ohio-1815, ¶ 5, citing State v. Russell, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 7.
 {¶ 9} Here, appellant has made no attempt to argue that any of the exceptions to the jurisdictional bar apply to his petition. With regard to R.C. 2953.23(A)(1), appellant has not alleged that he was unavoidably prevented from discovering the facts upon which he relies in his petition or that his claim was based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to his case. To the extent appellant relies onState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, that is not a decision of the United States Supreme Court. Nor does that case apply retroactively. State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, ¶ 3. Lastly, appellant has not alleged that DNA results establish his actual innocence. R.C. 2953.23(A)(2).
 {¶ 10} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for postconviction relief. Russell, at ¶ 10. Accordingly, the trial court did not err in denying appellant's petition, although technically, the petition should have been dismissed for lack of jurisdiction.State v. Hamilton, 10th Dist. No. 03AP-852, 2004-Ohio-2573, ¶ 9. *Page 4 
 {¶ 11} Our disposition of the jurisdictional issue renders moot appellant's assignments of error, which address the merits of his petition. State v. Hatfield, 10th Dist. No. 07AP-784, 2008-Ohio-1377, ¶ 9. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and SADLER, J., concur. *Page 1