[Cite as *State v. Han*, 2016-Ohio-5613.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00085 |
| SHUXIN HAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Alliance Municipal
Court, Case No. 2014 CRB 00228


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          August 22, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNIFER ARNOLD                           JOHN B. GIBBONS
Law Director, City of Alliance            55 Public Square
470 East Market St.                       Suite 2100
Alliance, OH 44601                        Cleveland, OH  44113

*Gwin, J.*

**{¶1}** Appellant Shuxin Han appeals the April 7, 2016 judgment entry of the Alliance Municipal Court denying his motion for post-conviction relief. Appellee is the State of Ohio.

### Facts & Procedural History

**{¶2}** An incident occurred between appellant and his wife Amanda Han on November 18, 2013. On February 6, 2014, appellant was charged with one count of domestic violence pursuant to R.C. 2919.25(A), one count of endangering children pursuant to R.C. 2919.22(B)(1), one count of criminal damaging or endangering pursuant to R.C. 2909.06(A)(1), and one count of criminal trespass pursuant to R.C. 2911.21(A)(1).

**{¶3}** The criminal damaging charge concerned a cell phone which appellant admittedly threw on the floor during the argument and which was damaged as a result. According to Amanda Han, she purchased the cell phone at Wal-Mart prior to separating from appellant. Appellant testified Amanda did not work at all during the marriage and he had purchased the cell phone in question and paid the phone bill every month, even after Amanda moved out of the martial residence.

**{¶4}** The matter proceeded to a jury trial. Appellant was present for the entire trial. Appellant was found not guilty as to all counts with the exception of the criminal damaging count. Appellant was sentenced to ninety (90) days in jail on the criminal damaging count and given credit for time served of eight (8) days. The balance of the ninety-day jail term was suspended, with the exception of seven days. Appellant was fined $500.00 and ordered to pay court costs.

{¶5} On August 8, 2014, appellant filed a notice of appeal to this Court of his conviction. Appellant's trial counsel filed a praecipe to the court reporter for the full transcript, excluding individual voir dire. The transcript was filed on September 16, 2014. Appellant filed his brief with this court on October 29, 2014, arguing: his conviction for criminal damaging was against the manifest weight of the evidence; his conviction for criminal damaging was not supported by sufficient evidence; and he received ineffective assistance of trial counsel because trial counsel failed to move for acquittal at any point in the proceedings pursuant to Criminal Rule 29.

{¶6} On May 18, 2015, in *State v. Han*, 5th Dist. Stark No. 2014CA00150, 2015-Ohio-1907, this Court affirmed appellant's conviction and found appellant's conviction was not against the sufficiency or the manifest weight of the evidence. We further overruled appellant's assignment of error with regards to ineffective assistance of counsel. Appellant appealed this Court's decision to the Ohio Supreme Court on June 23, 2015. The Ohio Supreme Court declined to accept jurisdiction of appellant's appeal on December 16, 2015.

{¶7} On February 2, 2016, appellant filed a motion to modify his sentence to a term of probation. The trial court denied appellant's motion on February 8, 2016, but permitted appellant to serve his remaining seven (7) days in jail on week-ends. Appellant filed a motion to prepare individual voir dire portion of the trial transcript on March 1, 2016.

{¶8} Appellant filed a petition for post-conviction relief on March 31, 2016. As grounds for relief, appellant alleged ineffectiveness of trial counsel in failing to carefully question the prospective jurors who personally had instances of previous domestic violence. Appellant also alleged he was unavoidably prevented from filing his petition

timely because his appellate attorney had not ordered the preparation of the transcript of the individual voir dire. Also on March 31, 2016, appellant filed a motion to supplement the record with the individual voir dire transcript.

{¶9} The trial court issued a judgment entry on April 7, 2016. The trial court granted appellant's motion to supplement the record with the individual voir dire transcript. The trial court found appellant's post-conviction relief petition was filed more than three hundred and sixty five (365) days beyond the date of filing of the transcript of proceedings on September 16, 2014. Further, the trial court found appellant was not unavoidably prevented from timely filing his petition. The trial court found res judicata barred appellant's petition because the claims either were raised or could have been raised on direct appeal. The trial court further found that more voir dire inquiry on domestic violence would not have affected the outcome of the jury's decision on the criminal damaging charge. Accordingly, the trial court denied appellant's petition for post-conviction relief.

{¶10} Appellant appeals the April 7, 2016 judgment entry of the Alliance Municipal Court and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED AND DENIED DEFENDANT-APPELLANT SHUXIN HAN HIS RIGHT TO DUE PROCESS OF LAW BY OVERRULING HIS PETITION FOR POST-CONVICTION RELIEF AND BY RULING THAT HE WAS NOT UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF FACTS WHICH COULD CONSTITUTE THE BASIS OF HIS CLAIM FOR RELIEF."

I.

**{¶12}** R.C. 2953.21(A)(2) governs the time within a petition for post-conviction relief must be filed and provides as follows:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred and sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.

**{¶13}** In this case, the trial transcript in appellant's direct appeal was filed on September 16, 2014. Appellant filed his petition on March 31, 2016. Therefore, his petition is not within the three hundred and sixty five days after the date on which the trial transcript was filed with this Court in his direct appeal and not in compliance with the time frame as specified in R.C. 2953.21(A)(2).

**{¶14}** However, pursuant to R.C. 2953.23(A), the court may consider an untimely petition for post-conviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

    a. Either the petitioner shows that the petitioner was unavoidably prevented from the discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent

to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation, and the petition asserts a claim based on that right.

b. The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found that petitioner was guilty of the offense of which the petitioner was convicted of * * *.

{¶15} Appellant argues he was unavoidably prevented from the discovery of the facts upon which he must rely to present his claim for relief because his appellate counsel did not order the transcript of the individual voir dire and thus he could not, in his direct appeal, argue that his trial counsel did not properly question those individuals on the jury panel who stated they had a previous experience with domestic violence.

{¶16} The exception provided in R.C. 2953.23(A)(1) for untimely filing may only be utilized if a petitioner is unavoidably prevented from discovering facts upon which the petitioner must rely. R.C. 2953.23(A) contemplates the unavoidable discovery of new historical facts of the case, not new legal theories. *State v. Melhado*, 10th Dist. Franklin No. 05AP-272, 2006-Ohio-641.

{¶17} In this case, all of the claims in appellant's petition are based upon facts and circumstances that occurred, and were known to appellant, during trial. Appellant was present in the courtroom during voir dire when all of the jurors were questioned, selected, and seated; further, the entire record was available for transcription during the

time period listed in R.C. 2953.21(A)(2) for a timely post-conviction filing. Appellant was present at the trial and had knowledge of all these facts and circumstances surrounding his claims as they happened during the course of his trial and thus he was not unavoidably prevented from discovering these facts simply because his appellate attorney did not order the individual portion of the voir dire transcribed. *State v. Melhado*, 10th Dist. Franklin No. 05AP-272, 2006-Ohio-641; *State v. Shackelford*, 2nd Dist. Montgomery No. 19965, 2004-Ohio-2431; *State v. Russell*, 10th Dist. Franklin No. 05AP-391, 2006-Ohio-383; *State v. Bristow*, 5th Dist. Richland No. 00-CA-17-2, 2000 WL 1886228 (Dec. 20, 2000); *State v. Vinson*, 11th Dist. Lake No. 2011-L-172, 2012-Ohio-3421.

{¶18} Further, for the exception to apply, appellant must also show, by clear and convincing evidence, that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(1)(b). In this case, appellant does not make such a demonstration. See *State v. Melhado*, 10th Dist. Franklin No. 05AP-272, 2006-Ohio-641; *State v. Garn*, 5th Dist. Richland No. 02 CA 45, 2003-Ohio-820. First, appellant was acquitted on the charge of domestic violence. He fails to demonstrate how more inquiry by his trial counsel on the issue of domestic violence would have affected the jury's decision on the charge of criminal damaging. Further, both the prosecutor and appellant's trial attorney conducted voir dire on the issue of domestic violence. Additionally, the trial court inquired of the panel if there was any reason why they could not render a fair and impartial decision and only one juror indicated they could not. However, this juror was not seated on the jury in appellant's case.

{¶19} As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file an untimely petition for post-conviction relief. Thus, the trial court did not err in finding it lacked jurisdiction to consider appellant's petition. See *State v. Crawford*, 5th Dist. Richland No. 09-CA-16, 2009-Ohio-5176.

{¶20} In addition, any errors as to these issues either were or could have been raised on direct appeal and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). As discussed above, any alleged failure about the extent or nature of the voir dire was either known to appellant at the time of trial or was a fact which he was not unavoidably prevented from discovering.

{¶21} Appellant's assignment of error is overruled and the April 7, 2016 judgment entry of the Alliance Municipal Court is affirmed.

By: Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur