DECISION AND JUDGMENT ENTRY
{¶ 1} Timothy J. Taylor appeals the Highland County Common Pleas Court's judgment denying his petition for post-conviction relief. Because Taylor did not file his petition within the time provided for by the statute, we dismiss his appeal for lack of jurisdiction.
 I. Facts {¶ 2} On January 17, 1997, Taylor pleaded guilty to one count of involuntary manslaughter, one count of abuse of a corpse, one count of tampering with evidence, and one count of theft. On February 25, 1997, Taylor received sentences of ten years for involuntary manslaughter, one year for abuse of a corpse, four years for tampering with evidence, and one year for theft. The court ordered Taylor to serve all four sentences consecutively for a total of sixteen years. *Page 2 
 {¶ 3} Taylor did not file an appeal. However, on March 17, 2006, Taylor filed a petition under R.C. 2953.23 seeking post-conviction relief. In his petition, Taylor argued that he is entitled to post-conviction relief because the procedure used by the trial court to impose consecutive sentences denied him due process under State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470. Taylor then filed a motion for summary judgment on April 3, 2006, alleging the State had failed to make a timely response to his petition.
 {¶ 4} On April 26, 2006, the Highland County Court of Common Pleas denied Taylor's motion and petition. Taylor filed his notice of appeal on May 22, 2006, and asserts the following assignment of error:
 THE COURT ERRED BY DENYING THE DEFENDANTS PETITION WHEN THE DEFENDANT PROVED THAT POST CONVICTION WAS THE PROPER REMEDY, PETITION WAS TIMELY FILED, AND DEFENDANT PRESENTED PROVED GROUNDS OF SENTENCE BEING CONTRARY TO LAW AND A DUE PROCESS VIOLATION. AND BY SUCH DENIAL CREATES INEQUITY WHICH CONSTITUTED MANIFEST INJUSTICE. (sic)
 II. Post-Conviction Relief {¶ 5} In his sole assignment of error, Taylor contends that the trial court erred in denying his petition for post-conviction relief because his consecutive sentences violate the Ohio Supreme Court's decision inFoster, which held that certain Ohio felony sentencing statutes violate the Sixth Amendment to the U.S. Constitution.
 {¶ 6} The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21(A)(1); State v. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10, 2000 WL 1152236. In order to prevail on a petition for post-conviction relief, the petitioner must establish that he has suffered an *Page 3 
infringement or deprivation of his constitutional rights. R.C. 2953.21
(A)(1). Where the petitioner has not taken a direct appeal, the statute requires the filing of the petition no later than one hundred eighty days after the expiration of the time for filing the appeal. R.C.2953.21(2).
 {¶ 7} The trial court accepted Taylor's guilty pleas on January 17, 1997. Under App.R. 3, Taylor was required to file his notice of appeal within thirty days of the trial court's judgment entry. After the thirty days elapsed without Taylor filing an appeal, he had an additional 180 days to file a petition for post-conviction relief under R.C. 2953.21
(2). Clearly, Taylor's time for filing a petition for post-conviction relief expired sometime in 1997.
 {¶ 8} R.C. 2953.21 does provide three exceptions to the 180 day time frame for seeking post-conviction relief. The first exception involves newly discovered evidence. R.C. 2953.23(A)(1)(a). The second exception may apply when the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in petitioner's situation. Id. Under both of these exceptions, the petitioner must also demonstrate, by clear and convincing evidence, that but for the alleged constitutional error at trial, the petitioner would not have been found guilty of the offense for which he or she was convicted. R.C. 2953.23(A) (1 )(b). The third exception occurs when DNA testing demonstrates, by clear and convincing evidence, the actual innocence of a petitioner. R.C. 2953.23(A)(2).
 {¶ 9} Here, Taylor has not raised a claim involving newly discovered evidence or DNA testing. Therefore, the first and third exceptions are not applicable. Taylor asserts solely that he is entitled to post-conviction relief under Foster. However, Foster *Page 4 
limited the retroactivity of its holding to cases that were pending on direct review at the time of its release. Thus, it does not apply to an untimely petition for post-conviction relief. See also, State v.Wilson (2006), Lawrence App. No. 05CA22, 2006-Ohio-2049. Therefore, Taylor has failed to show that he is entitled to post-conviction relief under any of the three exceptions.
 {¶ 10} Moreover, once we have determined that a petition is untimely, no further inquiry into the merits of the case is necessary. State v.McCain (2005), Pickaway App. No. 04CA27, 2005-Ohio-4952. Because Taylor's petition for post-conviction relief was not timely, we dismiss his appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment and Opinion.
 For the Court *Page 1