[Cite as *State v. Ruark*, 2015-Ohio-3206.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-142 |
| | | (C.P.C. No. 08CR-5109) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Robert J. Ruark, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 11, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, appellee.

*Robert J. Ruark*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Robert J. Ruark, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for postconviction relief. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In July 2008, Ruark was indicted on two counts of murder, two counts of attempted murder, two counts of felonious assault, and one count of tampering with evidence. Each count contained a firearm specification. The case proceeded to trial in December 2009. The jury found Ruark guilty of murder, felonious assault, and tampering with evidence, each with a firearm specification. The trial court sentenced Ruark to a total of 31 years to life in prison. On May 10, 2011, this court affirmed the convictions. *State v. Ruark*, 10th Dist. No. 10AP-50, 2011-Ohio-2225. In January 2012, Ruark filed an

application for reopening, pursuant to App.R. 26(B), alleging, among other things, ineffective assistance of counsel. In April 2012, this court denied the application for reopening.

{¶ 3} In November 2010, and while the direct appeal was pending, Ruark filed his first postconviction petition. In that petition, Ruark alleged ineffective assistance of counsel, due process and equal protection violations, and a First Amendment violation. The trial court denied the petition in February 2011. Ruark did not appeal from that judgment.

{¶ 4} In January 2015, Ruark filed a second postconviction petition. On February 3, 2015, and without holding a hearing on the matter, the trial court filed a decision and entry denying Ruark's January 2015 postconviction petition. Ruark timely appeals from that judgment.

## II. Assignments of Error

{¶ 5} Ruark assigns the following errors for our review:

> [1.] Did the Trial Court Abused its discretion by denying appellants 2953.23(A). Motion to Vacate or Set Aside Judgment of Conviction upon discovery of new evidence, That would change the outcome of trial if a new trial was granted?
>
> [2.] Did the Trial Court Abused its discretion by denying appellants 2953.23(A). Motion to Vacate or Set Aside Judgment of Conviction upon discovery of new evidence, Without holding an evidentiary hearing to weigh the evidence?

(Sic passim.)

## III. Discussion

{¶ 6} Because Ruark's two assignments of error challenge the trial court's denial of his January 2015 petition for postconviction relief, we address them together.

{¶ 7} The trial court's decision denying Ruark's January 2015 postconviction petition without a hearing will be upheld absent an abuse of discretion. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   As a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment.  *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).  A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' "  *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).  Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction.  *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32.  Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' "  *Id.*, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 9}   Ruark's petition was a second petition for postconviction relief and was also untimely because he filed his petition years after the filing of the trial transcript in the direct appeal.[1]   A trial court may not entertain a second or untimely postconviction petition unless the petitioner initially demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.  R.C. 2953.23(A)(1)(a).  If the petitioner can satisfy one of those two conditions, he must also demonstrate that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty.  R.C. 2953.23(A)(1)(b).  These requirements are jurisdictional.  *See State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8; *State v. Brown*, 10th Dist. No. 08AP-747, 2009-Ohio-1805, ¶ 11.

{¶ 10} Here, Ruark does not assert the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. Accordingly, the trial court lacked jurisdiction to entertain Ruark's second postconviction petition unless he demonstrated that he was unavoidably prevented from discovering the

---

[1] The trial transcript in the direct appeal was filed June 7, 2010.  Under either the 180-day deadline in R.C. 2953.21(A)(2), which was in effect at the time of the filing of the January 2015 petition, or the 365-day deadline in R.C. 2953.21(A)(2), as amended in March 2015, Ruark's petition was untimely.

facts necessary for his claim for relief, and that, but for a constitutional error, no reasonable factfinder would have found him guilty. *See* R.C. 2953.23(A)(1).

{¶ 11} Ruark failed to demonstrate he was unavoidably prevented from discovering the facts on which he based his untimely and successive postconviction petition. The exception contained in R.C. 2953.23(A)(1)(a) involves newly discovered evidence. *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 11, citing *State v. Taylor*, 4th Dist. No. 06CA20, 2007-Ohio-1185, ¶ 8. The phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of the relied upon facts and was unable to learn of them through reasonable diligence. *Id.*, citing *State v. McDonald*, 6th Dist. No. E-04-009, 2005-Ohio-798, ¶ 19. And the "facts" contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction. *Id.*, citing *State v. Czaplicki*, 2d Dist. No. 16589 (May 29, 1998).

{¶ 12} The documents submitted by Ruark in connection with his January 2015 postconviction petition included the following: (1) decisions of the Supreme Court of Ohio suspending Ruark's trial counsel from the practice of law, (2) an affidavit of Ruark asserting he fired his trial counsel prior to trial, (3) an affidavit of Ruark asserting his reasons for not expressing his concerns regarding his trial counsel to the trial court, (4) an affidavit of Ruark's mother, Jeni Jackson, asserting Ruark had fired his trial counsel before trial, and (5) a document from the Ohio Valley Native American Outreach Group, Inc., containing the signature of individuals claiming Ruark fired his trial counsel. Ruark attached an affidavit of Mathew Glaser to his appellate brief, but this affidavit was not filed in the trial court. As such, it will not be considered in this appeal. *See State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶ 13} Ruark's reliance on the above-cited documents fails to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief, as required under R.C. 2953.23(A)(1)(a). Ruark fails to allege or show that there is information contained in the submitted affidavits that was neither already known to him nor available with reasonable diligence. Additionally, the Supreme Court decisions

regarding Ruark's trial counsel do not concern facts pertinent to this case. In 2012, Ruark's trial counsel was disciplined for improperly disclosing to the then Ohio State University football coach confidential information he received from a prospective client. *See Disciplinary Counsel v. Cicero*, 134 Ohio St.3d 311, 2012-Ohio-5457. Subsequently, Ruark's trial counsel was indefinitely suspended from the practice of law due to his dishonest and fraudulent conduct in connection with a speeding ticket. *See Disciplinary Counsel v. Cicero*, 143 Ohio St.3d 6, 2014-Ohio-4639. Ruark's trial counsel's discipline was unrelated to Ruark's trial and conviction and, therefore, does not constitute newly discovered evidence pertaining to facts of this matter. Because Ruark failed to satisfy R.C. 2953.23(A)(1)(a), we need not address the applicability of R.C. 2953.23(A)(1)(b). *See Turner* at ¶ 18.

{¶ 14} The trial court lacked jurisdiction to entertain his petition because Ruark failed to establish the applicability of an exception that would allow the trial court to consider his untimely and successive postconviction petition, *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 7. Therefore, the trial court did not err in denying Ruark's petition, although technically, the petition should have been dismissed for lack of jurisdiction. *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13; *Hollingsworth* at ¶ 10. Further, because the trial court lacked jurisdiction to consider Ruark's petition, it was not required to hold an evidentiary hearing. *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19.

{¶ 15} For these reasons, we overrule Ruark's first and second assignments of error.

## IV. Disposition

{¶ 16} Having overruled Ruark's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

_____