[Cite as *State v. Vinson*, 2021-Ohio-836.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,              :

                                                No. 20AP-356

v.                                               :       (C.P.C. No. 07CR-6859)

Ella B. Vinson,                                  :       (ACCELERATED CALENDAR)

     Defendant-Appellant.             :

D E C I S I O N

Rendered on March 18, 2021

**On brief:** *Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Ella B. Vinson*, pro se. **Argued:** *Ella B. Vinson.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Ella B. Vinson, appeals from a judgment of the Franklin County Court of Common Pleas, denying her petition for postconviction relief. For the reasons that follow we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 11, 2007, appellant was involved in an altercation with the victim in front of appellant's residence. In the course of the altercation, appellant stabbed and/or slashed the victim's arm with a paring knife. *State v. Vinson*, 10th Dist. No. 08AP-381, 2008-Ohio-6430. Appellant was taken into custody and the apartment secured until police could obtain a search warrant. Appellant was arrested on September 11, 2007 and

her residence was searched. As a result of the search, police recovered the paring knife appellant used to injure the victim.

{¶ 3} The subsequent procedural history of the case is set forth in *State v. Vinson*, 10th Dist. No. 09AP-163, 2009-Ohio-3751:

> On September 20, 2007, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11. Appellant waived her right to a jury trial, and the case was tried to the bench. On February 29, 2008, the trial court found appellant guilty of the charge of felonious assault.
>
> Represented by new counsel, appellant appealed the judgment, arguing that her conviction was against the manifest weight of the evidence, and that she received ineffective assistance of counsel. In *State v. Vinson*, 10th Dist. No. 08AP-381, 2008-Ohio-6430, this court overruled appellant's assignments of error and affirmed the judgment of the trial court.
>
> On December 15, 2008, appellant filed a petition, pursuant to R.C. 2953.21, to vacate or set aside her judgment of conviction or sentence. The trial court denied appellant's petition by entry filed January 16, 2009.

*Id.* at ¶ 2-4.[1]

{¶ 4} Appellant appealed to this court from the December 15, 2008 judgment denying her petition for postconviction relief. *Id.* at ¶ 5. On July 30, 2009, this court affirmed the trial court. *Id.* at ¶ 15, *discretionary appeal not allowed*, *State v. Vinson*, 123 Ohio St.3d 1497, 2009-Ohio-6015.

{¶ 5} On June 12, 2020, appellant filed her second petition for postconviction relief and on June 15, 2020, appellant filed a substantially similar petition with additional exhibits. Appellant's primary claim for postconviction relief is an alleged error by her trial counsel in failing to file a motion to suppress evidence recovered by police in the search of her residence.

{¶ 6} Appellee filed a combined memorandum in opposition to the petition and a motion to dismiss the petition on June 17, 2020. On June 22, 2020, the trial court issued

---

[1] On May 7, 2009, this court issued a memorandum decision denying appellant's motion to reopen her original appeal in *State v. Vinson*, 10th No. 08AP-381 (May 7, 2009) (memorandum decision), *discretionary appeal not allowed*, *State v. Vinson*, 121 Ohio St.3d 1453, 2009-Ohio-1820.

an entry denying appellant's motions for postconviction relief. The trial court made the following ruling:

> All of Ms. Vinson's claims have been considered and rejected on direct appeal, or under her first Petition for Post-Conviction relief (which received full appellate review.) By submitting repetitive papers and re-packaging arguments already made, or that could have been made, Ms. Vinson gains no additional rights. Indeed, her repetitive filings are now simply frivolous.

(June 22, 2020 Journal Entry at 2.)

{¶ 7} Appellant timely appealed to this court from the June 22, 2020 judgment.

## II. ASSIGNMENT OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

> DID THE TRIER OF FACT ERR WHEN HE ALLOWED THE PROSECUTION TO SUBMIT APPELLANTS' [sic] SEIZED PROPERTY AS EVIDENCE IN THE STATES [sic] CASE WITHOUT A SEARCH WARRANT AND AFFIDAVIT OF RECORD?

## III. STANDARD OF REVIEW

{¶ 9} Ordinarily, the " 'standard for reviewing a trial court's decision to dismiss a petition for postconviction relief, without an evidentiary hearing, involves a mixed question of law and fact.' " *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9, quoting *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 8, citing *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 9. "This court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo." *Kane* at ¶ 9, citing *Lacking* at ¶ 9. However, R.C. 2953.23 provides a court "may not entertain" an untimely or successive postconviction relief petition unless the requirements of R.C. 2953.23(A)(1) or (2) are met. "The Supreme Court of Ohio has held that unless the requirements of R.C. 2953.23(A)(1) or (2) are satisfied, a court lacks jurisdiction over a successive postconviction relief petition." *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, ¶ 12, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 38. " '[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a

question of law, which appellate courts review de novo.' " *Apanovitch* at ¶ 24, quoting *Kane* at ¶ 9.

## IV.  LEGAL ANALYSIS

{¶ 10}  In her sole assignment of error, appellant contends that the trial court erred in denying her petition for postconviction relief because, during appellant's prosecution, the trial court erroneously permitted the prosecution to admit evidence obtained as a result of search of her residence pursuant to a defective search warrant. Appellant summarized her claim as follows:

> The record shows I was deprived of counsel (enclosed) at the onset of this case lacking in probable cause.  Evidence seized in this illegal search was used in the State's case at trial without a valid search warrant and affidavit of record - because a <u>valid</u> search warrant and affidavit does not exist for this case.  Hence till this day, this Error of Law/or use of appellant's ill seized property without a valid search warrant and affidavit of record still exists - because probable cause never existed in this case.

(Emphasis sic.) (June 25, 2020 Memo. in Opp. at 2.) [2]

{¶ 11} Appellant claims that the search warrant issued by a municipal court judge authorizing the search of her residence was constitutionally infirm because the search warrant was signed and issued by the judge on September 11, 2007, but the search warrant and the search warrant affidavit, evidencing probable cause, were not filed in the municipal court until September 17, 2007.  According to appellant, this means that the warrant was issued without probable cause and that the evidence obtained in the search should have been excluded had counsel filed a motion to suppress.

{¶ 12} Appellant has attached copies of the search warrant and search warrant affidavit to her motion for postconviction relief.  The search warrant affidavit is signed by a police officer and dated September 11, 2007; the search warrant is signed by a municipal court judge and dated September 11, 2007.  The search warrant and search warrant affidavit bear a date stamp indicating that the documents were filed with the municipal court clerk on September 17, 2007.

---

[2] Because the trial court ruled on appellee's combined memorandum in opposition and motion to dismiss only five days after the motion was filed, and because our standard of review on appeal is de novo, we will consider appellant's June 25, 2020 memorandum in this appeal even though it was filed after the trial court judgment.

{¶ 13} Appellee argues that the trial court did not have jurisdiction of appellant's petition because it was a successive petition for postconviction relief and appellant failed to satisfy either of the exceptions in R.C. 2953.23(A)(1) or (2). We agree with appellee.

{¶ 14} R.C. 2953.23(A) provides in relevant part as follows:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a * * * second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> *(1) Both of the following apply:*
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

(Emphasis added.)[3]

{¶ 15} Appellant's postconviction petition in this case is subject to the requirements of R.C. 2953.23 because it was appellant's second petition for postconviction relief.

{¶ 16} "Th[e] exception in R.C. 2953.23(A)(1)(a) involves newly discovered evidence." *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 11, citing *State v. Taylor*, 4th Dist. No. 06CA20, 2007-Ohio-1185, ¶ 8. "The phrase 'unavoidably prevented' in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *Turner* at ¶ 11, citing *State v. McDonald*, 6th Dist. No. E-04-009, 2005-Ohio-798, ¶ 19. "The 'facts' contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction." *Turner* at ¶ 11, citing *State v. Czaplicki,* 2nd Dist. No. 16589 (May 29, 1998).

{¶ 17} Appellant acknowledges that she was arrested at her residence and that her residence was subsequently searched pursuant to the search warrant. Appellant admits that the search warrant and affidavit were both filed in the Franklin County Municipal Court on September 17, 2007. The facts supporting appellant's claim that the search

---

[3] Appellant does not allege actual innocence under R.C. 2953.23(A)(2).

warrant was defective were, therefore, readily available to appellant prior to her prosecution and throughout the criminal proceedings. Nevertheless, in appellant's June 5, 2020 memorandum in opposition to appellee's motion to dismiss her petition, appellant alleges the following:

> Petitioner asserts that per Statute she was unavoidably prevented from the discovery of facts; denial of all my counsel (3)- the one that "withdrew", trial and appellate counsel due to collusion in my prosecution without probable cause.

(June 25, 2020 Memo. in Opp. at 1.)

{¶ 18} Appellant claims that she was unavoidably prevented from discovering the alleged defect in the search warrant because of errors by her trial and appellate counsel. There is no merit to appellant's claim.

{¶ 19} This court has consistently rejected the contention that a postconviction petitioner is unavoidably prevented from discovery of the facts upon which the petition relies when petitioner cannot not explain why neither they nor their trial counsel could not have discovered those facts in the exercise of reasonable diligence. *State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 34, *discretionary appeal not allowed*, 147 Ohio St.3d 1413, 2016-Ohio-7455, citing *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14; *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 13. When a petitioner blames the failure to discover the necessary facts on his trial counsel's ineffectiveness, the petitioner essentially concedes that such evidence could have been obtained either by the petitioner or counsel in the exercise of reasonable diligence. *Id.* at ¶ 33. When a trial court is faced with such a claim, "it [is] impossible for the trial court to consider appellant's claim of being 'unavoidably prevented' without concurrently considering whether counsel was ineffective." *State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, ¶ 31.

{¶ 20} In *Howard*, the petitioner claimed that the victim's medical records would have bolstered his claim that the victim died by suicide, and not at his hands. In petitioner's untimely petition for postconviction relief, petitioner blamed his trial counsel for the failure to obtain the medical records within the time required to file a timely petition for postconviction relief. In support of petitioner's claim that he was unavoidably prevented from discovering the medical record, petitioner produced medical records documenting the victim's serious mental health condition and her two prior suicide attempts; the affidavits

of his trial counsel who admitted that they never sought the records; the affidavit of the criminal investigator for the public defender's office assigned to his case who admitted that he never visited the medical provider seeking the victim's records; and the affidavit of a social worker at the public defender's office who admitted petitioner encouraged her to obtain the medical records, it was her normal practice to make recommendations to attorneys on evidence they should obtain, and the decision whether or not to pursue certain evidence was left to counsel.

{¶ 21} In light of the evidence presented by petitioner, the *Howard* court held that petitioner had established that he was unavoidably prevented, due to counsel's ineffectiveness, from discovering the medical records upon which his petition relied. *Id.* at ¶ 23.[4]

{¶ 22} Here, appellant did not allege any facts or produce any evidence in the trial court to support her unsworn assertion that errors by her trial and appellate counsel prevented her from discovering the facts upon which a potentially meritorious motion to suppress could have been filed. Appellant knew at the time of her arrest that a search warrant had issued for her premises. Appellant admits that the facts upon which she now relies in support of her petition were available in the public record of the Franklin County Municipal Court on September 17, 2007. Appellant failed to provide the trial court with an affidavit from any of her former counsel or any other affiant evidencing the fact that a motion to suppress was discussed or considered. Appellant did not even provide her own affidavit in support of the petition.

{¶ 23} Based on the foregoing, we find that appellant has not demonstrated she met the requirements of R.C. 2953.23(A)(1).

{¶ 24} Moreover, even if we were to accept appellant's vague and unsworn allegation that she was unavoidably prevented from discovering the alleged defects in the search warrant because of her counsel's errors, appellant has failed to produce clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.

---

[4] Petitioner in *Howard* also presented affidavits supporting a finding that counsel either did not inquire as to the whereabouts of the detective who initially interviewed petitioner or the prosecutor withheld the information. *Id.* at ¶ 31.

**{¶ 25}** "The Fourth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.' The Ohio Constitution contains a nearly identical provision. Ohio Constitution, Article I, Section 14." *State v. Harrington*, 10th Dist. No. 14AP-571, 2015-Ohio-2492, ¶ 7; *State v. Williams*, 57 Ohio St.3d 24 (1991).

**{¶ 26}** There is no question that evidence seized pursuant to a search warrant that is not signed by a judge prior to the search is subject to suppression. *Harrington* at ¶ 7, citing *Williams* at paragraph one of the syllabus. *See also State v. Carpenter*, 12th Dist. No. CA2005-11-494, 2007-Ohio-5790. Here, however, appellant's argument is not that the warrant was unsigned but that the search warrant documents were not filed with the clerk until days after the warrant was issued.

**{¶ 27}** Search warrants are issued pursuant to the authority found in R.C. 2933.21 through 2933.25 and former Crim.R. 41. *Harrington* at ¶ 7. The only filing requirement in Crim.R. 41 is contained in Crim.R. 41(E) which provides:

> (E) Return of papers to clerk.
>
> The law enforcement officer shall attach to the warrant a copy of the return, inventory, and all other papers in connection therewith and shall file them with the clerk or the judge, if the warrant so requires.[5]

**{¶ 28}** The filing requirement in Crim.R. 41(E) clearly contemplates issuance, service and execution of a search warrant prior to the filing of the return, inventory, and all other papers in connection with the search. Crim.R. 41(D) merely requires the return of papers to the clerk be made "promptly" following execution. Appellant's evidence demonstrates that the search warrant affidavit was signed by affiant on September 11, 2007 and that the warrant was signed and issued by the judge of the same date. The fact that the return and the accompanying search warrant documents were not filed until September 17, 2007 had no impact on the validity of the warrant. Moreover, any error with regard to the return would have been non-constitutional in nature. *See State v. Downs*, 51 Ohio St.2d 47, 64-65 (1977), *vacated on other grounds*, *Downs v. Ohio*, 438 U.S. 909 (1978)

---

[5] In 2007, Crim.R. 41(E) provided: "*The judge before whom the warrant is returned* shall attach to the warrant a copy of the return, inventory, and all other papers in connection therewith and shall file them with the clerk." (Emphasis added.)

(noncompliance with Crim.R. 41 with respect to the return of a search warrant is merely an administrative error, and is not an error of constitutional magnitude); *Columbus v. Wright*, 48 Ohio App.3d 107 (10th Dist.1988) (Failure to comply with the requirements of Crim.R. 41 with respect to filings connected with the execution of a search warrant does not make the search warrant invalid in the absence of evidence that the papers did not exist or that sufficient cause was not demonstrated by affidavit or oral testimony to justify the issuance of the search warrant.). *Id.* at 113.

{¶ 29} Finally, though appellant does not identify the evidence she would have sought to exclude from the bench trial, the record and the search warrant documents filed in the municipal court identify the knife appellant used to stab the victim as the primary piece of physical evidence found in the residence and admitted into evidence. Given appellant's defense at trial that she stabbed the victim in self-defense, the exclusion of the knife as evidence in her criminal trial would not have benefitted appellant's defense in any meaningful way. *State v. Poole*, 33 Ohio St.2d 18, 19 (1973) (A claim of self-defense admits the facts claimed by the prosecution and then relies on independent facts or circumstances which the defendant claims exempt him from liability.).

{¶ 30} For the foregoing reasons, we find that appellant has not demonstrated that she met the requirements of R.C. 2953.23(A)(1)(b).

{¶ 31} Because appellant's petition is a successive petition for postconviction relief, and because appellant failed to produce evidence to support a finding that any of the R.C. 2953.23(A)(1) exceptions applied, the trial court lacked jurisdiction to entertain appellant's petition. *Apanovitch* at ¶ 24; *Kane* at ¶ 9. Furthermore, "[b]ecause the trial court lacked jurisdiction to consider appellant's petition, the trial court was not required to hold an evidentiary hearing." *Kane* at ¶ 20, citing *State v. Melhado*, 10th Dist. No. 05AP-272, 2006-Ohio-641, ¶ 24, citing *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10, citing *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19. Accordingly, we overrule appellant's sole assignment of error. [6]

{¶ 32} "This court has previously advised that trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking rather than denying the petition on

---

[6] To the extent that appellant's petition for postconviction relief rehashes arguments that were considered and rejected by this court in connection with her previously filed petition for postconviction relief, appellant cannot possibly meet the jurisdictional requirements of R.C. 2953.23(A)(1).

some other grounds." *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014, ¶ 17, quoting *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 (" 'the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction' "); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 (the trial court did not err in denying appellant's petition on the merits, though technically the petition should have been dismissed for lack of jurisdiction); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (though the untimely postconviction petition should have been dismissed for lack of jurisdiction, the trial court did not err by denying the petition on the merits). We nevertheless conclude that the trial court did not err in its disposition of appellant's petition, and we affirm the trial court's judgment, albeit for different reasons than the trial court. *Banks* at ¶ 11; *Mangus* at ¶ 13; *Russell* at ¶ 10; *Elkins* at ¶ 17.

## V. CONCLUSION

{¶ 33} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____