[Cite as *State v. Gordon*, 2024-Ohio-530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-437 |
| v. | : | (C.P.C. No. 97CR-3455) |
| Michael Lee Gordon, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 13, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Michael Lee Gordon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Michael Lee Gordon, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief.

**I. Facts and Procedural History**

{¶ 2} On June 18, 1997, appellant was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12. On December 10, 1997, he entered a guilty plea to the stipulated lesser-included offense of attempted carrying a concealed weapon, in violation of R.C. 2923.02. By judgment entry filed December 15, 1997, the trial court imposed a jointly recommended sentence of nine months incarceration.

{¶ 3} On October 25, 2005, appellant filed a "Post-conviction Petition to vacate Petitioner's conviction and sentence." In his petition, appellant argued he entered into a plea agreement with the state whereby he would plead guilty to attempted carrying a

concealed weapon and, "[i]n turn," the state "promised to return Petitioner's seized items and money at the time of arrest." (Oct. 25, 2005 Petition for Post-Conviction Relief at 1.) He asserted that the seized items included "a cell phone, pager, several rings, a bracelet, a necklace, a 9mm pistol and $1,820.00 in cash." (Oct. 25, 2005 Petition for Post-Conviction Relief at 1.) Appellant argued the state "has never returned these seized items as promised." (Oct. 25, 2005 Petition for Post-Conviction Relief at 2.) Appellant further asserted "he was coerced into taking this plea by said promises that were never carried out by the State," and he sought to "withdraw the coerced and breached plea agreement." (Oct. 25, 2005 Petition for Post-Conviction Relief at 2, 3.)

{¶ 4} On November 28, 2005, the state filed a memorandum contra appellant's petition for post-conviction relief in which it opposed appellant's request for the return of property used in the commission of the offense. The state further argued the cash seized from appellant was released to appellant's girlfriend "as indicated by the Columbus Division of Police Property room." (Nov. 28, 2005 Memo Contra at 3.) According to the state, "[t]he remaining property was seized by the [Federal Bureau of Investigation]" (hereafter "FBI"). (Nov. 28, 2005 Memo Contra at 3.) Finally, the state argued appellant had failed to show a manifest injustice resulting from his guilty plea.

{¶ 5} By decision filed December 8, 2005, the trial court denied appellant's petition for post-conviction relief, holding in part he was "not entitled to the return of his property pursuant to R.C. § 2933.31, as the property was used in the commission of an offense." (Dec. 8, 2005 Decision at 1.) With respect to appellant's "post conviction motion to withdraw his guilty plea," the court found appellant "failed to demonstrate * * * 'manifest injustice' pursuant to Crim.R. 32.1." (Dec. 8, 2005 Decision at 1.)

{¶ 6} On December 29, 2005, appellant filed a pro se notice of appeal from the trial court's decision. By journal entry filed February 13, 2006, this court dismissed appellant's appeal for failure to file a brief which complied with the rules of court.

{¶ 7} On June 2, 2023, appellant filed a second request for "Post-Conviction Relief," and requested an "[e]videntiary [h]earing." Appellant again asserted that the state, following his arrest in 1997, confiscated various items including his "cell phone, pager, several gold jewelry items, $1,820.00 and a 9mm semi automatic handgun." (June 2, 2023 Petition for Post-Conviction Relief at 1.) Appellant maintained he had reached a plea

agreement with the state, whereby the state promised to return the above items in return for his entry of a guilty plea to attempted carrying a concealed weapon and a jointly recommended nine-month sentence. Further, after entering into the plea agreement, the state "released all or some of [appellant's] property * * * to the [FBI], thereby breaching their '_promise_' to return this property to [him]." (Emphasis sic.) (June 2, 2023 Petition for Post-Conviction Relief at 2.)

{¶ 8} Appellant also asserted the FBI "did ultimately release [appellant's] cell phone, pager, several gold jewelry items; _but_ told [appellant] that the $1,820.00 would be applied to [appellant's] federal restitution order." (Emphasis sic.) (June 2, 2023 Petition for Post-Conviction Relief at 2.) According to appellant, he was "notified" on "3-27-2023 * * * that the $1,820.00 was _never_ applied to [his] federal restitution order." (Emphasis sic.) (June 2, 2023 Petition for Post-Conviction Relief at 2.) Appellant argued the state "breached the promise they made to [him] to induce him into entering a plea of guilty in the * * * case." (June 2, 2023 Petition for Post-Conviction Relief at 3.)

{¶ 9} On June 8, 2023, the state filed a memorandum contra appellant's petition, asserting that appellant's second petition was untimely and lacking in merit. The state further argued the petition was barred by the doctrine of res judicata on grounds appellant could have raised his claim of a breached plea agreement and failure to return property on appeal, and that appellant had raised the same arguments in his 2005 petition which the trial court denied.

{¶ 10} On June 23, 2023, the trial court filed a decision denying appellant's petition. The court, noting appellant's "current" petition "raises identical issues" as his first petition filed October 25, 2005, held the petition was "untimely," and that it was also "barred by the doctrine of _res judicata_ because any issues regarding the plea agreement could have been raised on appeal." (June 23, 2023 Decision at 1-2.) The court also found appellant's arguments regarding his guilty plea "meritless, as [he] has failed to establish a manifest injustice." (June 23, 2023 Decision at 2.)

## II. Assignment of Error

{¶ 11} Appellant's pro se brief fails to include a statement of the assignments of error presented for review as required by App.R. 16(A)(3). However, appellant's brief contains a

section titled "Questions Presented," as set forth below, which we will construe as a single assignment of error:

> Whether or not the lower court errored [sic] in failing to consider Appellant's "<u>Newly Discovered</u>" evidence that the State of Ohio breached the terms of the plea agreement, and failing to allow Appellant to withdraw his plea of guilty and proceed to trial; or to at least hold an Evidentiary Hearing?

## III. Analysis

{¶ 12} At issue on appeal is the propriety of the trial court's decision denying appellant's second petition for post-conviction relief. Appellant contends in general that the trial court failed to consider his "newly discovered" evidence.

{¶ 13} Under Ohio law, "[a] postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). The post-conviction relief process "is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23, citing *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). Accordingly, "[a] petition for postconviction relief * * * does not provide a petitioner a second opportunity to litigate his or her conviction." *Id.*

{¶ 14} The circumstances permitting a petitioner "to seek post-conviction relief are set forth under R.C. 2953.21(A)(1)(a)." *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 12. In accordance with R.C. 2953.21(A)(1)(a) and (A)(1)(a)(i), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a petition with "the court that imposed sentence, * * * asking the court to vacate or set aside the judgment or sentence." However, an individual "has a limited time within which to do so." *State v. Johnson*, ___Ohio St.3d___, 2024-Ohio-134, ¶ 9. Pursuant to R.C. 2953.21(A)(2)(a), a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" or, if no appeal

is taken, "the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."

{¶ 15} In general, "[a] trial court does not have subject-matter jurisdiction to adjudicate a postconviction petition that is untimely—i.e., filed outside the statutory deadline under R.C. 2953.21(A)(2)—or successive—i.e., a second or subsequent petition." *Johnson* at ¶ 10. There are, however, "two exceptions to this jurisdictional bar" under R.C. 2953.23(A)(1) and (2). *Id.* As pertinent to the instant case, "[a] trial court may entertain an untimely or successive petition if 'the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief' and '[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty.' " *Id.*, quoting R.C. 2953.21(A)(1)(a) and (b). An appellate court reviews " 'de novo whether the trial court had subject-matter jurisdiction to entertain [a] petition [for postconviction relief].' " *Id.* at ¶ 11, quoting *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 20, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24. *See also State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 38 ("whether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law, which we review de novo").

{¶ 16} Ohio's post-conviction statute "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Rather, "[t]o warrant an evidentiary hearing, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error." *State v. Messer-Tomak*, 10th Dist. No. 10AP-847, 2011-Ohio-3700, ¶ 8, citing R.C. 2953.21(C); *Hessler* at ¶ 33. Accordingly, "[a] trial court may deny a defendant's petition for post-conviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. This court reviews a trial court's decision whether to grant a petitioner a hearing under an "abuse-of-discretion standard." *Hatton* at ¶ 38, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51-52, 58.

{¶ 17} In the present case, appellant's petition is both untimely and successive. With respect to the exceptions under R.C. 2953.23(A), appellant does not contend the United States Supreme Court has recognized any new federal or state right applicable to him. Rather, he maintains the trial court erred in failing to consider his "newly discovered" evidence in support of his petition.

{¶ 18} This court has noted that the "unavoidably prevented" exception under R.C. 2953.23(A)(1)(a) "involves newly discovered evidence." *State v. Vinson*, 10th Dist. No. 20AP-356, 2021-Ohio-836, ¶ 16, citing *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 11, citing *State v. Taylor*, 4th Dist. No. 06CA20, 2007-Ohio-1185, ¶ 8. In this respect, " '[t]he phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' " *Id.*, quoting *Turner* at ¶ 11, citing *State v. McDonald*, 6th Dist. No. E-04-009, 2005-Ohio-798, ¶ 19.

{¶ 19} In *Johnson*, the Supreme Court of Ohio recently "reaffirm[ed] * * * that a petitioner who files an untimely or successive petition for postconviction relief under R.C. 2953.21 bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies." *Id.* at ¶ 18. A petitioner "may make the required showing * * * by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence." *Id.* The Supreme Court also made clear "R.C. 2953.23(A)(1)(a) requires a petitioner to show that he was '*unavoidably* prevented'—not merely 'prevented'—from discovering the facts on which he would rely." *Id.* at ¶ 24. Thus, "a petitioner filing an untimely postconviction petition must show that any delay in discovering the facts undergirding the petition was 'incapable of being avoided or evaded.' " *Id.*, quoting *Merriam-Webster's Collegiate Dictionary* 638 (11th Ed.2003).

{¶ 20} Appellant failed to meet his burden in this case. In his pro se brief, appellant asserts the trial court erred in "failing to consider [his] 'Newly Discovered' evidence that the State * * * breached the terms of the plea agreement." (Appellant's Brief at 1.) The purported newly discovered evidence regarding breach of the plea agreement is based on appellant's claim that he agreed to enter a guilty plea in return for the state's promise to return items seized following his arrest. However, in his 2005 petition, appellant asserted

this same property had not been returned, and the state filed a memorandum contra arguing the money had been turned over to appellant's girlfriend and that the remaining property had been "seized by the FBI" as part of a federal investigation. (Nov. 28, 2005 Memo Contra at 3.) Thus, at the time of his 2005 petition, appellant was aware of the facts underlying his claim or could have learned of those facts through the exercise of due diligence. We further note appellant did not support his most recent petition with an affidavit or any other evidentiary materials, and nothing in the record suggests he was unavoidably prevented from discovering the facts upon which he relies in support of his petition.

{¶ 21} As appellant's petition was untimely and successive, and because he failed to satisfy any of the exceptions under R.C. 2953.23, the trial court lacked jurisdiction to consider the petition. Further, as appellant "failed to establish the applicability of any exceptions allowing for filing an untimely, successive petition for postconviction relief, the trial court properly denied the same without a hearing as it lacked jurisdiction to review it." *State v. Reed*, 10th Dist. No. 13AP-450, 2013-Ohio-5145, ¶ 11. *See also State v. Martin*, 10th Dist. No. 17AP-6, 2017-Ohio-5657, ¶ 9, citing *Reed* at ¶ 8-11 (because trial court lacked jurisdiction to entertain appellant's untimely petition, court did not abuse its discretion in dismissing petition without a hearing).

{¶ 22} Moreover, even if the trial court had jurisdiction over the petition, we agree with the trial court's further determination that the issues raised by appellant are barred by the doctrine of res judicata. Under Ohio law, res judicata "applies to * * * petitions for postconviction relief." *Hatton* at ¶ 22. In this respect, res judicata "bars a convicted defendant from litigating a postconviction claim that was raised or could have been raised at trial or on direct appeal." *Bethel* at ¶ 17; citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Further, "[r]es judicata also bars claims that could or should have been brought in a first petition for postconviction relief." *State v. Dixon*, 2d Dist. No. 27991, 2019-Ohio-230, ¶ 18, citing *State v. Finfrock*, 2d Dist. No. 16944 (Oct. 16, 1998); *State v. McCain*, 2d Dist. No. 27195, 2017-Ohio-7518, ¶ 35.

{¶ 23} As observed by the trial court in addressing appellant's current petition, appellant raised "identical issues" in his 2005 petition in which he asserted his property had not been returned and that the state had breached the plea agreement, thereby

rendering his guilty plea involuntary. As we previously noted, the state filed a memorandum contra appellant's first petition for post-conviction relief, arguing the money had been turned over to appellant's girlfriend at appellant's request, and that the remaining property had been confiscated by the FBI pursuant to a federal investigation. By decision filed December 8, 2005, the trial court denied appellant's petition, finding he was not entitled to the return of the property, and further finding appellant did not carry his burden to withdraw his plea as he failed to "demonstrate * * * 'manifest injustice' pursuant to Crim.R. 32.1." (Dec. 8, 2005 Decision at 1.) This court subsequently dismissed appellant's appeal for failure to comply with the applicable rules concerning appellate briefs. Because the issues raised by appellant in his current petition were previously raised (and rejected) in his first petition for post-conviction relief (or could have been raised on direct appeal), they are therefore barred by res judicata.

{¶ 24} Accordingly, because appellant's petition was an untimely and successive petition for post-conviction relief and the conditions of R.C. 2953.23 were not satisfied, and where the issues raised were nonetheless barred by the doctrine of res judicata, the trial court did not err in denying the petition. Based on the foregoing, appellant's single assignment of error is not well-taken and is overruled.

## IV. Conclusion

{¶ 25} Having overruled appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————